IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDISON JULES,**

    **Plaintiff,**

                              Civil Action 2:11-cv-582
    **v.**                             Judge Algenon L. Marbley
                              Magistrate Judge Elizabeth P. Deavers

**POLICE DEPARTMENT
VILLAGE OF OBETZ,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to File His Third Amended Complaint (ECF No. 19), Defendants' Memorandum in Opposition (ECF No. 24), and Plaintiff's Reply (ECF No. 31). For the reasons that follow, Plaintiff's Motion is **DENIED**.

**I.**

Plaintiff, Edison Jules, filed this employment action against the Village of Obetz on July 1, 2011, asserting claims arising under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as well as state-law claims pursuant to Ohio Revised Code ("ORC") §§ 4112.02 and 4112.99. On January 25, 2012, the Court held a preliminary pretrial conference and issued a Preliminary Pretrial Order ("PPO"). (ECF No. 7). The PPO set March 1, 2012, as the deadline for amendments to the pleadings. On February 28, 2012, Plaintiff amended his Complaint, adding disparate treatment and hostile work environment claims under the Ohio Revised Code. (ECF No. 11.)

On December 6, 2012, Plaintiff filed the subject Motion seeking to file a third amended complaint nine months after the deadline to amend pleadings had passed and more than a month after the discovery deadline. (ECF No. 19).  He seeks to add a claim for denial of due process and equal protection under 42 U.S.C. § 1983.  Plaintiff alleges that such an amendment is necessary because he learned through discovery that the Village Council did not have the requisite jurisdiction to hear his appeal at the administrative level.  (Pl.'s Mot. 3, ECF No. 19). Plaintiff posits that the Court should permit his proposed amendment pursuant to Federal Rule of Civil Procedure 15(a).  He maintains that his proposed amendment does not prejudice Defendants as the claims he seeks to add arise out of the same nucleus of operative facts set forth in the original Complaint.  Plaintiff adds that Defendants may respond in the same time frame as they would to any other dispositive motion.

Defendants oppose Plaintiff's Motion.  Defendants posit that denial is proper because Plaintiff has not shown good cause under Federal Rule of Civil Procedure 16(b)(4) for failing to comply with the March 1, 2012 deadline for amendments set forth in the PPO.  Defendants maintain that Plaintiff cannot demonstrate that he was diligent in meeting the Court's deadline for amendments to the pleadings.  Defendants explain that although Plaintiff had knowledge of the facts giving rise to the claims he seeks to add as early as October 2010, he failed to advance those claims in either his original or subsequent amended complaints.  Defendants submit that adding the proposed claims at this juncture will prejudice them because they would be required to conduct additional discovery.  Defendants explain that the proposed due process claim is outside the original framework of the race/national origin and disability claims Plaintiff presently advances.

In his Reply, Plaintiff counters that he does not need to demonstrate good cause under Rule 16(b)(4). He directs this Court to his Supplemental Authority for his Motion for Judgment on the Pleadings (ECF No. 23) in support of this contention. The Supplemental Authority he references, however, pertains only to the merits of his Motion for Judgment on the Pleadings. (ECF No. 20.) Moreover, the arguments he raises in his Supplemental Authority have no bearing on the issue of whether Rule 15(a)'s liberal standard or Rule 16(b)(4)'s good cause requirement applies to the instant motion. Plaintiff also submits in his Reply that he first obtained the information necessary to support his proposed amendment during Defendants' depositions of October 30, 2012. He suggests that he has therefore been diligent in his attempts to comply with the Court's deadlines. Finally, Plaintiff reasserts that Defendants had notice of his intent to seek an amendment such that they will not suffer prejudice should the Court grant his Motion.

## II.

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when, as here, a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905–09 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation

omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn*, 382 F. App'x at 450; *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce*, 326 F. App'x at 376. Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her

4

pleadings when justice so requires.  Fed. R. Civ. P. 15(a).  Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted).  As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).  In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

**III.**

The Court finds that Plaintiff has failed to demonstrate good cause under Rule 16(b)(4). As set forth above, the key inquiry is whether Plaintiff was diligent in his efforts to meet the Court's March 1, 2012 deadline set forth in the PPO for amendment to the pleadings.  Plaintiff's suggestion that his delay in seeking amendment is attributable to the timing of Defendant's October 2012 Deposition is not persuasive.  Even if Plaintiff did not learn of the facts giving rise to the due process claim he seeks to add until October 2012, a contention Defendants dispute, Plaintiff inexplicably delayed filing the subject Motion for five weeks.  Under these circumstances, the Court cannot conclude that Plaintiff has demonstrated the requisite diligence.

5

Although this finding is dispositive, the Court further notes that Defendants would likely suffer prejudice should the Court permit amendment. As Defendants point out, the claim Plaintiff seeks to add falls outside the original scope of the claims he alleges in the operative complaint, which are all discrimination claims. Thus, if the Court were to permit Plaintiff to advance this new claim, it is likely that Defendants would need to conduct additional discovery, which would delay resolution of this action.

## IV.

In sum, Plaintiff's failure to show diligence and the potential prejudice to Defendants leads the Court to determine that Plaintiff has failed to demonstrate good cause as required under Rule 16. Plaintiff's Motion to File His Third Amended Complaint is, therefore, **DENIED**. (ECF No. 19.)

**IT IS SO ORDERED.**


Date: February 11, 2013                              /s/ *Elizabeth A. Preston Deavers*
                                                     Elizabeth A. Preston Deavers
                                                     United States Magistrate Judge